# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| THA CIN AND DYNAMITE OIL, LLC § § § **Plaintiffs,** § § V. § CIVIL ACTION NO. _____ § LEVI SAP NEI THANG, LEVI § SAP NEI THANG, LLC, AND § I AM A DREAMER, LLC, § § **Defendants.** § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Tha Cin and Dynamite Oil, LLC files this Plaintiffs' Original Complaint complaining of and about Defendants Levi Sap Nei Thang, Levi Sap Nei Thang, LLC, and I Am A Dreamer, LLC (hereinafter collectively referred to as the "Thang Defendants"), and would respectfully show this Honorable Court and Jury as follows:

## NATURE OF ACTION

1    Plaintiff Tha Cin and Dynamite Oil, LLC bring this action for fraud against the Thang Defendants, to recover $510,000.00 paid by Plaintiff Tha Cin to the Thang Defendants for worthless oil and gas leases that they never received and for which they never finalized a contract.

*Plaintiffs' Original Complaint*                  PAGE 1

2. Plaintiff Cin and her husband make sushi for a living. They have zero experience in oil and gas exploration, development, or transactions. On the other hand, Plaintiff Cin was advised by the Thang Defendants that they were experienced oil and gas developers and producers and had valuable oil and gas leases for sale. They represented that that they would provide geological surveys for certain oil and gas properties which they never did. The Thang Defendants further represented that they would assist Plaintiff Cin with starting an oil and gas company and would help them drill wells at a cost of $20,000 to $100,000. It was further represented to Plaintiffs by the Thang Defendants that the leases that were to be sold to Plaintiffs would produce between 3,000 and 4,000 barrels of oil per day and that is what other properties nearby were producing. Plaintiffs made it clear to the Thang Defendants that they knew nothing about oil and gas production and would be relying heavily upon Defendants' assistance.

3. Unbeknownst to Plaintiffs, the Thang Defendants were not oil and gas developers and producers and had no experience in the oil and gas business. In fact, the Thang Defendants had zero experience in oil and gas development or production. In addition, Plaintiffs learned that the Defendant Thang is a self-proclaimed racist who preys on Burmese immigrants by selling them drilling leases at inflated prices after billing them as great investments on social media.

4. Plaintiff Cin and her husband gave their life savings to the Thang Defendants and received nothing in return. While the Thang Defendants provided Oil and Gas Purchase Agreements to Plaintiffs, they were never executed by either party, contained incorrect names and failed to identify one of the leases.

5. Plaintiffs bring this suit for fraud to recover the monies paid to the Thang Defendants in the amount of $510,000 plus interest and exemplary damages.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because, as noted below, complete diversity of citizenship exists between Plaintiffs, on the one hand, and the Thang Defendants, on the other hand, and because the amount in controversy exceeds $75,000.00, exclusive of interests, costs and exemplary damages.

7. The Thang Defendants are subject to personal jurisdiction in the State of Texas, and venue in this action is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District and Plaintiffs Tha Cin and Dynamite Oil Company, LLC reside in this District.

## PARTIES

8. Plaintiff Tha Cin is an individual who resides in Harris County, Texas.

9. Plaintiff Dynamite Oil, LLC is a New Mexico limited liability company created on September 2, 2020 and has its principal place of business in Harris County, Texas.

10. Defendant Levi Sap Nei Thang is a resident of Denver Colorado and may be served with process at 1600 Broadway, Suite 1600, Denver Colorado 80202.

11. Defendant Levi Sap Nei Thang, LLC is a New Mexico limited liability company and may be served with process by serving its managing member and officer, Levi Nap Nei Thang at its principal place of business and mailing address of 10401 Montgomery Parkway NE, Suite 1A, New Mexico 87111.

12. Defendant I Am A Dreamer, LLC is a Missouri limited liability company that can be served with process through its registered agent, Levi Sap Nei Thang, located at 12500 Mancester Ave., Grandview, Missouri 64030.

## BACKGROUND FACTS

13. Plaintiff is a United States citizen from Burma who runs a sushi business with her husband and has no experience in oil and gas, development, production, or transactions.

### Levi Sap Nei Thang is a Self-Proclaimed Racists Who Preys Upon Burmese Immigrants.

14. Defendant Levi Sap Nei Thang is a self-proclaimed dreamer, artist, poet, author, and U.S. perfume entrepreneur. Defendant Thang is also a self-proclaimed avid racist who preys on Burmese immigrants by selling them drilling leases at inflated prices after billing them as great investments on social media. She has zero experience in oil and gas development or production.

### The Thang Defendants Convince Plaintiffs to Put Down Substantial Deposits on Leases That the Thang Defendants do Not Own.

15. Beginning in or about June 2020, the Thang Defendants, by and through their owner, Levi Sap Nei Thang, represented to Plaintiff Cin on social media that they were experienced oil and gas developers. On June 25, 2021, the Thang Defendants asked Plaintiff Cin to make a deposit in the amount of $70,000 to her company, I AM A Dreamer, LLC. The following day, Levi Sap Nei Thang advised that she never received the $70,000. On June 26, 2021, Plaintiff Cin deposited another $70,000, this time in Levi Sap Nei Thang's personal account, for a total of $140,000.

16. Defendant Levi Sap Nei Thang advised Plaintiff that she was so rich and had made so much money in oil and gas and urged Plaintiff to quit her sushi business and to come live in New Mexico because Plaintiff's leases would make between 3,000 to 4,000 barrels per day as that was what other leases had been making in the oil fields nearby the leases owned by Defendant Thang. Defendant Thang also represented that she would assist Plaintiff with starting a new oil and gas development company and would assist her in developing certain leases at an additional cost of $20,000 to $100,000.

**The Thang Defendants Used Plaintiffs' Deposits to Purchase Leases in An Attempt to Sell Them Back to Plaintiffs at Extremely Inflated Prices.**

17. Unbeknownst to Plaintiff Cin, Defendants, upon information and belief, were using the $140,000 as seed money as part of a scheme to purchase 300 government oil and gas leases for approximately $3.7 million. Once the Thang Defendants acquired the 300 leases, they immediately began selling the leases to Burmese immigrants, for exorbitant prices compared to what she was purchasing the leases for.

18. In September 2020, Defendant Thang began asking Plaintiff Cin for more money. On September 4, 2020, Plaintiff Cin wired Defendant Levi Sap Nei Thang an additional $170,000. On September 9, 2020, Plaintiff Cin wired an

additional $200,000. In all, Plaintiff Cin gave Defendants I Am A Dreamer, LLC, Levi Sap Nei Thang, LLC, and Levi Sap Nei Thang $510,000.

**The First Purchase and Sale Agreement**

19. During that time frame, Defendants sent two Purchase and Sale Agreements to Plaintiffs. The First Purchase and Sale Agreement related to a drilling lease numbered VC-0220000 with a total acreage of 320.00 acres in Lea County, New Mexico. *See* Ex. 1. Using part of Plaintiff Cin's money, Defendants purchased this lease on August 1, 2020 for $184,000. Defendants then turned around and attempted to sale this lease to Plaintiffs for $310,000. It is important to note that Lease No. VC-0220000 listed in the Purchase and Sale Agreement never existed. It is also important to note that in the Settlement Agreement to the Purchase and Sale Agreement on page 13, the buyer is listed as Hornbill Oil LLC. *Id*. at 13. Plaintiffs have never heard of that company. In addition, Plaintiffs never signed the Purchase and Sale Agreement.

**The Thang Defendants Unilaterally Changed the Lease and Acreage in Their Subsequent Attempt to Assign the Property.**

20. On November 2, 2020, the Thang Defendants sent an Assignment of Oil, Gas and Mineral Royalty Interest to Plaintiffs which was notarized on October 1, 2020. *See* Ex. 2. This Assignment was allegedly concerning the lease identified in the First Purchase and Sale Agreement that was never executed by the parties.

However, the property identified in this Assignment was different from the First Purchase and Sale Agreement in that it concerned a different Lease Number, VC0768000. Equally important is that this Assignment identifies a 160.00-acre lease, not the 320.00-acre lease identified in the First Purchase and Sale Agreement.

**The Second Purchase and Sale Agreement**

21. The Second Purchase and Sale Agreement related to lease numbered NM-141451 with a total acreage of 640 acres in Chaves, New Mexico. *See* Ex. 3. Using part of Plaintiff Cin's money, Defendants made a bid on this lease on August 27, 2020 for $13,440. Defendants immediately turned around and attempted to sell this lease to Plaintiff for $200,000. However, this lease was not formally issued until December 31, 2020! *See* Ex. 4. Therefore, the Thang Defendants were attempting to sell a lease to Plaintiffs even though the Thang Defendants never owned the lease. Like the First Purchase and Sale Agreement, the Second Purchase and Sale Agreement was never executed. Despite not owning the lease at the time of the alleged sale, the Thang Defendants continue to assert that they have a binding contract with Plaintiffs.

**Reuter's Article Exposes the Thang Defendants**

22. After investigating the actions of Defendants Levi Sap Nei Thang and her company, Reuters published an article on March 22, 2021 titled "How a Burmese Immigrant profited by flipping cheap oil leases from Trump auctions" on March 22,

2021. *See* Ex. 5. This article confirmed that since July 2020, Levi Sap Nei Thang spent approximately $3.7 million on nearly 300 government leases covering 133,000 acres in 12 states. While Defendant Thang advised Reuters at the time of the purchase that "she was keen to produce oil on the parcels," her subsequent dealings revealed a completely different strategy. Reuters subsequently learned that Defendant Thang was attempting to sell the leases to other Burmese immigrants at inflated prices after billing them as great investments on social media.

23. The Reuters' article also noted that Levi Sap Nei Thang, LLC was still listed as the owner of those parcels in the government records as of March 22, 2021. *Id.*

**The Thang Defendants Tried to Backtrack Immediately After the Reuters' Article was Published.**

24. In a move of desperation on March 26, 2021, just three days after the Reuters' article was published, counsel for the Thang Defendants, Mark A. Alexander, sent a letter via Federal Express to Plaintiffs' counsel, Jeffrey R. Vaughan. *See* Ex. 6. Attached to the letter, Mr. Alexander included alleged "fully executed Purchase and Sales Agreements" and updated assignments (*See* Ex. 7); however, none of these documents were executed by the Plaintiffs. In fact, prior to the Reuter's article being published the two leases at issue were still owned by Levi Sap Nei Thang LLC.

**The Thang Defendants' Representations Were False**

25. The representations by Defendant Thang and her company were false, misleading and Plaintiff relied upon these misrepresentations to her detriment. When Plaintiffs asked the Thang Defendants if she had already drilled on her properties, Levi Sap Nei Thang responded that she had. She even posted pictures of the well she allegedly drilled and confirmed that with Plaintiffs. This representation was false.

26. No Purchase and Sale Agreements were ever executed by the parties. Moreover, the Thang Defendants did not own the lease identified in the Second Oil and Gas Purchase Agreement until December 31, 2020 – over three months after Plaintiffs allegedly signed the purchase agreements.

27. Defendant Thang never advised Plaintiffs that she was using Plaintiff Cin's money to buy the worthless oil and gas leases. Likewise, her representation that the leases she was attempting to sell to the Plaintiffs would produce between 3,000 and 4,000 barrels of oil per day like the surrounding properties were false. Defendant Thang told Plaintiffs that there was an "oil ocean" under the acreage they would be purchasing and that drilling was already occurring in the area of the leases

the Thang Defendants were trying to sell to Plaintiffs. These representations were false as well.

28. Defendant Thang stated that she would help Plaintiffs develop the leases knowing that Plaintiffs had no prior experience. However, this was also false as Defendant Thang had no experience developing oil and gas properties such as the ones at issue and knew that Plaintiffs did not have any money other than the $510,000 they had already given her and I Am A Dreamer, LLC.

29. Plaintiff brings this suit to recover the monies she paid to Defendant Thang and her company.

## CAUSES OF ACTION

30. *Fraud*. The Thang Defendants' conduct constituted actual fraud. They solicited money from Plaintiffs for the purpose of purchasing worthless oil and gas leases without advising Plaintiffs of their true intentions. The Thang Defendants further represented that they were experienced oil and gas developers who were going to assist Plaintiffs with developing the two leases at issue. As a result of these representations and the misrepresentations set forth in the preceding paragraphs, Plaintiffs were persuaded to give the Thang Defendants their life savings in return for nothing. In fact, one of the leases that the Thang Defendants are contending Plaintiffs purchased was not even owned by them. Plaintiffs seek actual damages for fraud in the amount of $510,000.

31. ***Declaratory Judgment***. Plaintiffs ask the Court to enter a declaration under the Texas Declaratory Judgment Act that the First and Second Purchase and Sale Agreements are invalid as they were not executed by the parties. Plaintiff further asks the Court to declare that the alleged sale under the Second Purchase and Sale Agreement be declared invalid as Defendants did not own the lease at the time the alleged sale occurred and did not obtain ownership until December 31, 2020. Plaintiffs ask the Court to award costs and reasonable and necessary attorney's fees as are equitable and just.

## ALTERNATIVE PLEADING

32. ***Rescission***. In the event the Court finds that the unexecuted Purchase and Sale Agreements are enforceable, Plaintiffs plead in the alternative and ask the Court to enter an order rescinding the unexecuted Purchase and Sale agreements due to the fraud committed by Defendants as set forth in the preceding paragraphs and that they monies paid by Plaintiffs be returned.

## EXEMPLARY DAMAGES

33. Plaintiff seeks exemplary damages in the amount of $1,275,000 due to the fraud committed by the Thang Defendants.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands a jury be empaneled to decide all fact issues in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants Levi Sap Nei Thang, Levi Sap Nei Thang, LLC and I AM A DREAMER, LLC, be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof; that Plaintiff recover damages from Defendants in accordance with the evidence; that the Court enter a declaration under the Texas Declaratory Judgment Act that the First and Second Purchase and Sale Agreements are invalid as they were not executed by the parties; that the Court declare that the alleged sale under the Second Purchase and Sale Agreement is invalid as Defendants did not own the lease at the time the alleged sale occurred and did not obtain ownership until December 31, 2020; that the Court to award costs and reasonable and necessary attorney's fees as are equitable and just; that Plaintiffs recover costs of court herein expended; that Plaintiffs recover interest to which they are justly entitled under the law, both pre-judgment and post-judgment; that Plaintiffs recover actual damages; that Plaintiffs recover exemplary damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Jeffrey R. Vaughan
Jeffrey R. Vaughan
State Bar No. 24013676
Vaughan Law Firm, P.C.
2211 Norfolk Street, Suite 220
Houston, Texas 77098
Tel: (713) 255-5777
Email: Jeff@LegalTrialTeam.com

**COUNSEL FOR PLAINTIFFS**